UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

GABRIELLE PEREZESPEJO,

   Plaintiff,

v.

CREDIT CONTROL SERVICES, INC.
D/B/A CREDIT COLLECTION
SERVICES,

   Defendant.

Civil Action No.:
6:21:cv-01840-GAP-GJK

**MOTION TO STRIKE**

**DEFENDANT CREDIT CONTROL SERVICES, INC. D/B/A CREDIT COLLECTION SERVICES MOTION TO STRIKE**

    AND NOW comes Defendant Credit Control Services, Inc., d/b/a Credit Collection Services ("CCS"), by and through its undersigned counsel, Gordon Rees Scully Mansukhani, LLP, and pursuant to Rule 1.140, Florida Rules of Civil Procedure, hereby files this Motion to Strike, and as grounds therefore would state as follows:

    1.   Plaintiff, Gabrielle Perezespejo, filed and served her Complaint naming CCS as a defendant.

    2.   Thereafter, on October 20, 2021, Plaintiff filed her Amended Complaint including additional causes of action against CCS. Count I purports to assert a claim for violation of the Fair Debt Collection Practices Act ("FDCPA") premised on the transmission of personal identifying information by Defendant to its letter vendor, for the ministerial purpose of printing, folding and mailing

1

Defendant's collection letters.  Plaintiff contends that this ministerial transfer gives rise to a claim under 15 U.S.C. § 1692c(b).  Count II purports to assert a claim for violation of the Fair Debt Collection Practices Act §§1692e, 1692e(2)(A), 1692e(5) and 1692e(10) premised on allegations that CCS attempted to collect a consumer debt without possessing a valid consumer collection agency license under Florida Statutes §§559.553, 559.553(1), 559.5556(1), 559.5556(3) and 559.556 alleging that CCS failed to maintain records and policies and procedures required under Florida Administrative Code Rules 69V-180.080 and 69V-180.090. Count III purports to assert a claim for violation of the Florida Consumer Collection Practices Act section Protection Act.

   3. Paragraphs 14-18 of the Complaint should be stricken as they contain immaterial, impertinent, or scandalous matter and violates Florida Rule of Civil Procedure 1.140(F).

   4. Count 2 of the Complaint should be stricken as it contains immaterial, impertinent, or scandalous matter and violates Rule 12 of the Federal Rules of Civil Procedure.

   5. Rule 12 of the Federal Rules of Civil Procedure provides "…that upon motion by a party or upon the Court's initiative at any time, the Court may order stricken from any pleading any insufficient, immaterial, impertinent, or scandalous matter." *Carlson Corp. / Southeast v. School Board of Seminole County, Florida,* 778 F.Supp. 518, 519 (M.D.Fla.1991).  A motion to strike matter as redundant, immaterial or scandalous should be granted if the material is wholly

irrelevant, can have no bearing on the equities and no influence on the decision. *Tice-Lamar v. City of Fort Lauderdale*, 853 So.2d 1125, 1133-1134 (Fla. 4th DCA 2003).

6. In this matter, Plaintiff alleges in paragraphs 14-18 that CCS does not maintain records specified by Rule 69V-180.080, *et seq*. and Rule 69V-180.090(2).

7. Plaintiff states without stating or citing any factual basis but merely states "for example" to support her allegations that CCS cannot lawfully collect consumer debts in Florida because CCS failed to maintain a valid registration. (See Compl. ¶18).

8. CCS has maintained the license number identified by Plaintiff in his Complaint since February 5, 1999, with no lapse in registration.  (See Amended Compl. ¶13) CCS respectfully requests the Court take judicial notice of the attached 2020 and 2021 Consumer Collection Agency License issued by the Office of Financial Regulation, Florida to CCS, License Print dated 11/19/2019 and License Print dated 12/1/2020 annexed hereto as Exhibit A.  (See also Amended Compl. ¶13)  The issuance of these licenses by the Office of Financial Regulation evidences that CCS is a duly licensed Consumer Collection Agency in the State of Florida who is authorized to conduct business and undeniably disproves Plaintiff's allegations. Therefore, paragraphs 14-18 and Count 2 should be stricken.

9. Plaintiff asserts a perceived private right of action under the Florida Statute 559.553 and the Florida Administrative Code where no such private right

3

of action exists. Florida Administrative Code 69V-180.100 sets forth Disciplinary Guidelines which the Office of Financial Regulation, Division of Consumer Finance, "…may be imposed by the Office against a person for violation of Part VI, Chapter 559." See 69V-180.100 Disciplinary Guidelines. The Florida Administrative Rules specifically reserve any disciplinary action to the Office of Financial Regulation and does not include any private right of action.

10. Florida Courts have denied actions asserting violations of the FDCPA where the plaintiff has alleged a failure by the defendant to comply with Florida Statutes. In *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 489 F. Supp. 2d 1358 (S.D. Fla. 2007), Plaintiff alleged BBC violated Florida Statutes by failing to provide complete information to the State whereby rendering BBC's registration void; and as such, BBC's collection of Connor's debt with a void registration violated Florida Statute 559.553. The Court held, in pertinent part:

> "As an initial matter, it is clear that Conner may not assert her claim directly under Fla. Stat. § 559.553, which does not itself provide for a private right of action…The question, then, is whether a failure to comply with Fla. Stat. § 559.553 constitutes a violation of Fla. Stat. § 559.72(9)…Thus, the Court must look to the statute itself and related case law in evaluating the parties' arguments. The clause of Fla. Stat. § 559.72(9) on which Conner premises her claim prohibits 'asserting the existence of [a] legal right when such person knows that the right does not exist.'" The Court was not persuaded by Plaintiff's argument stating "This argument does not persuade. Had the Florida legislature intended to enact a private right of action for violations of Fla. Stat. § 559.553, it could have done so, either by explicitly including language authorizing a private right of action in the statute itself, or by referencing Section 559.553 in Fla. Stat. § 559.72. Had the legislature intended to include 'attempting to collect a consumer debt while in possession of a void registration' as a violation of the FCCPA, it could have included such language in Section 559.72. Because the legislature chose not to do so, the undersigned is not inclined to, nor can she, read such a cause

of action into the language of Fla. Stat. § 559.72(9)." The Court continued its analysis stating "…at least one Florida court has analyzed the language of Section 559.553 and has held that the statute does not require registration prior to the commencement of consumer debt collection activities. That court explained that Section 559.553… is not a licensing statute. It simply requires the filing of minimal identification information as well as the disclosure of prior suspensions or revocations of any professional license or state registration previously held. The statute imposes no testing or other qualification requirements and contains no language suggesting that prior approval of the Department must be received before consumer collection activities may be undertaken. *Welch v. Florida West Coast, Inc.,* 816 So.2d 711, 714 (Fla. 2d DCA 2002).

The Court, therefore, found "…that Fla. Stat. § 559.72(9) does not allow a private right of action for violations of Fla. Stat. § 559.553. *Conner v. BCC Fin. Mgmt. Servs., Inc.*, 489 F. Supp. 2d 1358, 1359, 1361–62 (S.D. Fla. 2007).

11. Similar to the *Connor* case, Plaintiff attempts to argue that CCS failed to maintain policies and procedures and records in accordance with Florida Administrative code which resulted in a violation of Florida Statute Section 559.553(1).

12. Plaintiff thereafter stretches deeper into her circular argument alleging CCS's failed to maintain records, policies and procedures according to the Florida's Administrative Code rendering CCS in violation of Florida Statutes Section 559.553 and thereby violating the FDCPA. Plaintiff attempts to assert a private right of action where no Legislative intent is provided to ultimately support her argument that CCS violated the Fair Debt Collection Practices Act.

13. Of import and seemingly adverse to Plaintiff's ultimate allegations, Plaintiff states CCS is a registered consumer collection agency and recites CCS' valid

Florida license by number. (See Compl. ¶13, "Defendant's 'Consumer Collection Agency' license number is CCA0900641.")

14. Plaintiff attempts to tarnish and defame CCS by asserting scandalous allegations that CCS cannot lawfully collect consumer debts from Florida consumers.

15. Plaintiff's allegations are not only scandalous but irrelevant and attempt to circumvent the basis for alleged violations as set forth in the FDCPA.

16. Plaintiff has failed to allege any of the articulated basis in the text of the FDCPA for the alleged violations of Sections 1692e, 1692e(2)(A0, 1692e(5) or 1692e(10) in Count 2.

17. In addition, Plaintiff's Count 2 allegations is immaterial to her claim. Instead, Plaintiff has included these allegation in an attempt to overstate, embellish and exaggerate her claim all the while attacking the reputation and defaming CCS, a lawfully registered Debt Collection Agency in the State of Florida since 1999.

18. Based upon the foregoing, Defendant respectfully submits that paragraphs 14 through 18 contained in Plaintiff's "ALLEGATIONS" along with the entirety of "COUNT 2" should be stricken from the Complaint as it is immaterial, impertinent and scandalous.

19. WHEREFORE, Defendant respectfully requests that the Court strike paragraphs 14 through 18 contained in Plaintiff's "ALLEGATIONS" along with the entirety of "COUNT 2" from the Complaint, as it is immaterial, impertinent and

scandalous, as well as such other and further relief as may the Court may deem just and equitable.

## CERTIFICATE OF COMPLIANCE WITH RULE 3.01(G)

In accordance with Rule 3.01(g) of the Rules of the United States District Court for the Middle District of Florida, the undersigned certifies that on November 3, 2021, she attempted to confer with Plaintiff's counsel as to the relief sought herein in a good faith effort to resolve the issues presented in this Motion, but has not yet received a response. Defendant will submit an amended Certificate of Compliance when the parties are able to confer.

Respectfully submitted this 3rd day of November 2021.

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/Chantel C. Wonder*
　　Chantel C. Wonder
　　Florida Bar No.: 0087601
　　cwonder@grsm.com
　　Miami Tower
　　100 SE Second Street, Suite 3900
　　Miami, FL 33131
　　Tel: (Main) 813-523-4945
　　Facsimile 813-377-3505
　　*Attorneys for Defendant,*
　　*Credit Control Services, Inc., d/b/a*
　　*Credit Collection Services*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 3, 2021, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system and was sent via electronic mail to:

Jibrael S. Hindi
Thomas J. Patti
JIBRAEL S. HINDI, ESQ.
THOMAS J. PATTI, ESQ.
The Law Offices of Jibrael S. Hindi
110 SE 6th Street, Suite 1744
Fort Lauderdale, FL 33301
jibrael@jibraellaw.com
tom@jibraellaw.com

*Counsel for Plaintiff*

**GORDON REES SCULLY MANSUKHANI, LLP**

By: */s/Chantel C. Wonder*
Chantel C. Wonder
Florida Bar No.: 0087601
cwonder@grsm.com
Miami Tower
100 SE Second Street, Suite 3900
Miami, FL 33131
Tel: (Main) 813-523-4945
Facsimile 813-377-3505
*Attorneys for Defendant,
Credit Control Services, Inc., d/b/a
Credit Collection Services*